J-S65023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT TYLER SHEAFFER | : | |
| | : | |
| Appellant | : | No. 718 MDA 2019 |

Appeal from the Judgment of Sentence Entered, April 4, 2019,
in the Court of Common Pleas of Perry County,
Criminal Division at No(s): CP-50-CR-0000426-2018.

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:               **FILED FEBRUARY 10, 2020**

Robert Tyler Sheaffer appeals from the judgment of sentence imposed following the entry of his guilty plea to aggravated assault.[1]  We affirm.

Sheaffer physically abused his five-month-old infant son, causing him to suffer five fractures and fluid on his brain.  Sheaffer was arrested and charged with multiple counts of aggravated assault and related crimes.  On January 10, 2019, he entered a counseled guilty plea to one count of aggravated assault, which was graded as a first-degree felony.  On April 4, 2019, the trial court sentenced him to a prison term of five to twelve years.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. § 2702(a)(9).

Sheaffer filed a timely notice of appeal. Both Sheaffer and the trial court complied with Pa.R.A.P. 1925.

Sheaffer raises the following issue for our review: "Did the trial court err in not considering a mitigated sentence due to [Sheaffer's] age and medical diagnosis?" Sheaffer's Brief at 6 (capitalization omitted).

This claim challenges the discretionary aspects of Roberts' sentence. As we have explained, "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Id*. (citation omitted). When an appellant challenges the discretionary aspects of his sentence, we must consider his brief on this issue as a petition for permission to appeal. *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Sheaffer filed a timely notice of appeal. However, he did not preserve his sentencing claim in a timely post-sentence motion.

*See Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004) (holding that an objection to the discretionary aspects of a sentence is waived when not raised in a post-sentence motion or during the sentencing proceedings). Additionally, his brief does not include a Rule 2119(f) statement, and the Commonwealth has objected to this deficiency. *See Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (holding that, if the Commonwealth objects to a Rule 2119(f) omission, this Court is precluded from reviewing the merits of the claim and the appeal must be denied). Thus, due to these deficiencies, we are precluded from reviewing the merits of Sheaffer's claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/10/2020